UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sakima Iban El Bey, a/k/a Sakima Bey, *a/k/a Sakima Iban Salih El Bey, a/k/a Francis Marion Savall,* <br><br> Plaintiff, <br><br> vs. <br><br> Margaret Seymour, Senior Judge; Beattie B. Ashmore; L. Walter Tollison, <br><br> Defendants. | C/A No. 3:14-2858-SB-BM <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, Sakima Iban El Bey, also known Sakima Bay, also known as Sakima Iban Salih El Bey, also known as Francis Marion Savall ("Plaintiff"), proceeding pro se, brings this civil action seeking the return of real property against Defendants the Honorable Margaret Seymour, Senior United States District Judge; Beattie B. Ashmore; and L. Walter Tollison. On July 22, 2014, Plaintiff filed an amended complaint. ECF No. 6. Plaintiff filed this action in forma pauperis pursuant to 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of § 1915 and in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).



Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319 (1989). Additionally, while this Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Discussion

Plaintiff brings this action to recover real property located at 305 Ash Tree Road, Columbia, South Carolina 29223. He states that there is jurisdiction pursuant to 28 U.S.C. § 1491,[1] and appears to allege claims under RICO and the Sherman Act and violations of his constitutional rights pursuant to 42 U.S.C. § 1983.

---

[1] The United States Court of Federal Claims and a United States District Court both have original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000. See 28 U.S.C. § 1346(a)(2). For claims in excess of $10,000, however, the Court of Federal Claims has exclusive jurisdiction. See 28 U.S.C. § 1491; Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996). Plaintiff has not provided information as to the value of the property in question.

2

The Amended Complaint is signed by Plaintiff, but has "SIS FOUNDATION"[2] in the caption. It is unclear if Plaintiff is attempting to add SIS FOUNDATION as a Plaintiff or to bring this action with SIS FOUNDATION as the sole plaintiff. However, Plaintiff may not bring a pro se action on behalf of the SIS Foundation. Corporations, partnerships, and associations may only appear in this federal court and litigate through a licensed attorney who is formally admitted to practice and in good standing with this court. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun., 506 U.S. 194, 202 (1993) [recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"]; Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007) [holding that "a layperson may not represent a separate legal entity such as a corporation" and extending this to partnerships, single shareholder corporations, and limited liability companies, as well as to shareholders who file derivative suits]; Days Inn Worldwide, Inc. v. JBS, Inc., C/A No. 4:08–1771–TLW–TER, 2010 WL 625391, (D.S.C. Feb. 19, 2010); see also First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1290 (Fed. Cir. 1999)[pro se actions by non-attorneys on behalf of corporations "fail for lack of standing"]; Pridgen v. Andresen, 113 F.3d

---

[2]The Secretary of State for the State of South Carolina lists SIS FOUNDATION as a nonprofit corporation. See http://www.sos.sc.gov/index.asp?n=18&p=4&s=18&corporateid=540389 (last visited Aug. 22, 2014). The Court may take judicial notice of factual information located in postings on government websites. See In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) [noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. November 7, 2008) [noting that some courts have found postings on government websites as inherently authentic or self-authenticating].



3

391, 392–93 (2d Cir. 1997)[pro se litigant may not represent corporation, estate, partnership, or "his or her minor child"].

To the extent Plaintiff is attempting to litigate this action in is own name, he lacks standing, as he asserts that the property was owned by SIS FOUNDATION at the time of the alleged incidents (see ECF No. 6 at 2, 5), such that he has not alleged a personal deprivation.[3] Absent any allegation that Plaintiff sustained a personal deprivation of a right, privilege, or immunity secured by the Constitution, Plaintiff lacks standing to pursue this property deprivation claim. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977). Cf. United States v. Santoro, 866 F.2d 1538, 1545 (4th Cir.1989) ["under 21 U.S.C. § 881(a)(7), only owners of the property have standing to challenge its forfeiture."].

Additionally, with respect to the Defendant Judge Seymour, Plaintiff is apparently complaining about a hearing she held or some legal rulings she may have made. However, this Defendant is entitled to absolute judicial immunity from suit for all actions taken in her judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991) [immunity presents a threshold question

---

[3]Any claims asserted by Plaintiff on behalf of another must be dismissed. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972).



4

which should be resolved before discovery is even allowed]; Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) [absolute immunity "is an immunity from suit rather than a mere defense to liability"]; Accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000)[discussing judicial immunity of United States District Judges and United States Circuit Judges]. Therefore, Judge Seymour is entitled to dismissal as a party Defendant.

Plaintiff appears to be suing Defendants Ashmore and Tollison in their capacities as court-appointed receivers (see ECF No. 6 at 5). However, the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992)(quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir.)); see also Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980) [collecting cases on immunity of court support personnel]; Pink v. Lester, 52 F.3d 73 (4th Cir. 1995). In Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981), the district court ruled that the clerk was immune from suit, noting that:

> [i]n the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune.".... If [the clerk] failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court.

Mourat, 515 F.Supp. at 1076 (citations omitted); see also Mayes v. Wheaton, No. 97C8072, 1999 WL 1000510 (N.D.Ill., Nov. 1, 1999)["Judicial immunity extends to all those persons performing judicial and quasi-judicial functions, as well as those acting under the orders, or at the discretion, of a judicial officer."], citing Forrester v. White, 484 U.S. 219, 226-227 (1988). Thus, Defendants



5

Ashmore and Tollison, as to any action(s) taken pursuant to court order, are subject to summary dismissal based on quasi-judicial immunity.

## **Recommendation**

Accordingly, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 26, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

7

