IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Sakima Iban El Bey,<br>a/k/a Sakima Bey, a/k/a Sakima Iban<br>Salih El Bay, a/k/a Francis Marion<br>Savall,<br>    Plaintiff,<br>v.<br><br>Margaret Seymour, Senior Judge;<br>Beattie B. Ashmore; L. Walter Tollison,<br><br>    Defendants. | Civil Action No. 3:14-2858-SB-BM<br><br>**ORDER** |

This matter is before the Court upon the *pro se* Plaintiff's complaint, and the record includes the report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, Magistrate Judge Bristow Marchant recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. The Plaintiff filed timely objections to the R&R, and the matter is ripe for review.

## BACKGROUND

The Plaintiff initiated this civil action seeking the return of real property located at 305 Ash Tree Road, Columbia, South Carolina 29223 against Defendants the Honorable Margaret Seymour, Senior United States District Judge; Beattie B. Ashmore; and Walter L. Tollison. The Plaintiff filed an amended complaint on July 22, 2014, in which he lists "SIS FOUNDATION" in the caption.[1] As the Magistrate Judge noted, the Plaintiff appears to allege claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

---

[1] The South Carolina Secretary of State website lists SIS FOUNDATION as a nonprofit corporation, and as the Magistrate Judge noted, the Court may take judicial notice of factual information located in postings on government websites.

18 U.S.C. § 1962-1968, the Sherman Anti-Trust Act, 15 U.S.C. §§ 1-7, and violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1491.[2]

## STANDARD OF REVIEW

This Court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and incorporates it into this order.

## DISCUSSION

In the R&R, the Magistrate Judge first concluded that the Plaintiff may not bring a *pro se* action on behalf of the SIS FOUNDATION because corporations may appear only through a licensed attorney formally admitted to practice and in good standing with this Court. Next, to the extent the Plaintiff attempts to bring this action in his own name, the Magistrate Judge concluded that the Plaintiff does not have standing to do so, as he asserts that SIS FOUNDATION is the owner of the property at issue. Finally, with respect

---

[2] The United States Court of Federal Claims and United States district courts have original jurisdiction over non-tort monetary claims against the United States not exceeding $10,000. See 28 U.S.C. § 1346(a)(2). For claims in excess of $10,000, however, the Court of Federal Claims has exclusive jurisdiction. See 28 U.S.C. § 1491; Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996). The Plaintiff has not alleged the value of the property in question.

2

to the actual Defendants, the Magistrate Judge determined that Judge Seymour is entitled to absolute judicial immunity from suit for all actions taken in her judicial capacity, and Defendants Ashmore and Tollison are entitled to quasi-judicial immunity for actions taken in their roles as court-appointed receivers.

The Plaintiff filed unsigned, written objections to the R&R along with an "affidavit of probable cause" alleging that the Defendants committed various crimes including, *inter alia*, robbery, conspiracy to commit robbery, and extortion. A review of these filings, however, indicates that they are wholly without merit. Stated simply, the Plaintiff fails to point to any legal or factual error in the Magistrate Judge's report and instead reiterates his nonsensical claims.[3] After a review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and incorporates it herein, and the Court overrules the Plaintiff's objections.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R (Entry 12) is adopted and incorporated herein; the Plaintiff's objections (Entries 14, 16, and 20) are overruled; and this matter is dismissed without prejudice and without issuance and service of process.

---

[3] The Court notes that this is not the first time the Plaintiff has presented frivolous claims to this Court. See, e.g., We, the People, Sakima Iban Salih El Bey, National of the United States, Preamble Citizen of the United States General Government v. Davis, et al., Civil Action No. 0:05-3641 (dismissing the action and finding the Plaintiff's allegations frivolous and irrational), and We, the People, Sakima Iban Salih El Bey, National of the United States v. McMaster, et al., Civil Action No. 3:07-2137 (dismissing the action and finding the Plaintiff's objections delusional and nonsensical).

3

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

November 4, 2014
Charleston, South Carolina